**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO CESAR ALFARO, | No. 11-70236 |
| Petitioner, | Agency No. A098-981-194 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Julio Cesar Alfaro, a native and citizen of El Salvador, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to

reconsider.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse

of discretion the denial of a motion to reconsider, *Cano-Merida v. INS*, 311 F.3d

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

960, 964 (9th Cir. 2002), and we deny in part and dismiss in part the petition for review.

In his motion to reconsider, Alfaro challenged the agency's findings related to the ability of the government of El Salvador to protect him. The BIA did not abuse its discretion in denying Alfaro's motion because Alfaro failed to identify any error of fact or law in the BIA's prior decision. *See* 8 C.F.R § 1003.2(b)(1); *Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (German police took reports and investigated incidents, but were unable to solve the crimes); *Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005) (to prove government acquiescence, applicant must show the government is aware of tortuous activity but does nothing to intervene).

We reject Alfaro's contentions that the BIA violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim). We also reject Alfaro's contentions that the BIA used the wrong standard or that its analysis was incomplete. Finally, we lack jurisdiction to consider new arguments Alfaro did not raise to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

11-70236